UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| JACOB JONES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  CASE NO.: 1:22-cv-00024 |
| | ) |
| LAWRENCE BUILDING | ) |
| CORPORATION, | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT FOR DAMAGES

Plaintiff, Jacob Jones ("Jones"), by counsel, for his causes of action against the Defendant, Lawrence Building Corporation ("LBC"), states and alleges:

### I. INTRODUCTION

1. Jones is bringing this claim alleging, in the alternative, two reasons for his termination including a violation of Section 510 of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 510 and/or interference/retaliation under the Family and Medical Leave Act of 1993 ("FMLA"). Jones seeks all relief available under the FMLA and ERISA, including, back pay and benefits, front pay and benefits, prejudgment interest, liquidated damages on account of the willful violation of the FMLA and I.C. § 22-2-9-2, et. seq., costs and attorney fees.

### II. PARTIES

2. Jones is an individual citizen of Fort Wayne, Allen County, Indiana.

3. At all times relevant hereto, LBC is a domestic corporation organized and existing under the laws of the State of Indiana with its principal place of business in Allen County, Indiana.

## III. JURISDICTION AND VENUE

4. This Court has both personal and subject matter jurisdiction over this case because this lawsuit involves federal laws. With respect to subject matter jurisdiction, Section 107 of 29 U.S.C. 2617 – The FMLA § 107(a)(2) – provides, in relevant part, that:

> An action to recover the damages or equitable relief prescribed in paragraph (1) may be maintained against any employer (including a public agency) in any Federal or State court of competent jurisdiction by any one or more employees…

Regarding subject matter jurisdiction for the ERISA claim, ERISA § 502(f), provides:

> Civil Enforcement: Jurisdiction notwithstanding amount in controversy, citizenship of parties.
>
> The district courts of the United States shall have jurisdiction, without respect to the amount in controversy or the citizenship of the parties, to grant the relief provided for in subsection (a) of this Section in any action.

5. The United States District Court for the Northern District of Indiana is the proper district in which to bring this action because venue is appropriate where a defendant resides or where a defendant may be found. In order to determine a defendant's place of residence, 28 U.S.C. § 1391(c) provides:

> For purposes of this chapter, a defendant that is a corporation shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced. In a state which has more than one judicial circuit and in which a defendant that is a corporation is subject to personal jurisdiction at the time an action is commenced, such corporation shall be deemed to reside in any district in that State within which its contacts would be sufficient if that district were a separate State, and, if there is no such district, the corporation shall be deemed to reside in the district within which it has the most significant contacts.

LBC resides in the Northern District of Indiana because it has its principal place of business in the United States District for the Northern District of Indiana and, therefore, LBC is subject to the personal jurisdiction of this District at the time this action is commenced.

In addition, LBC may be found in the United States District Court for the Northern District of Indiana because LBC has minimal contacts in the Northern District for personal jurisdiction and, pursuant to Indiana's Long Arm Statute, would be subject to the exercise of control over its person in the Northern District of Indiana.

### IV.  FACTS

6. Jones incorporates by reference paragraphs 1-5 of this Complaint as if same were fully set forth herein.

7. On or about February 2017, Jones began working for LBC as a carpenter and then subsequently being promoted to a lead carpenter.

8. On or about July 23, 2021, Jones sought and was approved for FMLA leave due to his serious medical condition, ankylosis spondylitis.

9. Jones notified his employer that he would at least need a week or two of FMLA leave and that he would keep LBC updated on a weekly basis regarding the status of his medical condition and provide LBC copies of the medical records following each doctor's visit.

10. Jones commended his medical leave starting July 23, 2021 and the FMLA paperwork from Jones' treating doctor was provided to LBC.

11. On August 19, 2021, Jones was instructed to clean out his company truck and that he could return to work when he received medical clearance from his doctor and passed a DOT physical.

12. In September 2021, Jones was anticipating returning to work and notified LBC that he would be getting the DOT physical completed.

13. On September 30, 2021, Jones went to RediMed / Business Health for his DOT physical, however, after waiting over three hours and being treated rudely by the staff, he left without the completion of the DOT physical.

14. Jones' spouse contacted LBC about obtaining the DOT physical at an alternate location and LBC approved Jones' request but stated that it would be at Jones' own cost.

15. On October 5, 2021, Jones underwent the required DOT physical, passed the DOT physical and submitted the results of the DOT physical to LBC so he could return to work.

16. On October 6, 2021, Jones was notified by LBC that his employment had been terminated.

17. At the time of his termination, Jones was still on approved FMLA leave and had additional FMLA leave available to him.

18. When he asked why he was being terminated, LBC told Jones it was because of his behavior when he sought a DOT physical at RediMed / Business Health, something Jones disputed and had even communicated with LBC about when he sought and was given permission to complete the DOT physical at a different location.

19. Prior to his FMLA leave starting July 23, 2021, Jones had required intermittent FMLA leave due to his serious medical condition in 2019.

20. Prior to his termination on October 6, 2021, Jones and his family had been utilizing the benefits under LBC's health insurance plan, which Jones asserts is an Employee Welfare Benefit Plan under ERISA.

## V. STATEMENT OF CLAIMS

### COUNT I

### FMLA Interference and FMLA Discrimination/Retaliation

21. Jones incorporates by reference paragraphs 1-20 of this Complaint as if same were fully set forth herein.

22. LBC violated Jones' rights under Section 105 of 29 U.S.C. 2615 – The FMLA § 105(a) – by interfering and discriminating/retaliating against Jones for having taken FMLA leave.

23. As a result of LBC's violation of FMLA, Jones has been damaged.

### COUNT II

### ERISA Violation

24. Jones incorporates by reference paragraphs 1-23 of this Complaint as if same were fully set forth herein.

25. LBC terminated Jones because he and his family were utilizing the benefits under LBC's health insurance plan, which Jones asserts is an Employee Welfare Benefit Plans, in violation of § 510 of ERISA, 29 U.S.C. § 510.

26. As a result of LBC's violation of ERISA, Jones has been damaged.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Jacob Jones, requests the following relief:

1. judgment in his favor;
2. lost wages;
3. interest calculated at the prevailing rate;
4. liquidated damages;

5. any equitable relief as may be appropriate including reinstatement of employment;

6. attorney's fees;

7. costs of this action; and

8. all such further relief appropriate under the circumstances.

Respectfully submitted,

**THEISEN & ASSOCIATES, LLC**

*[signature: Nathaniel O. Hubley]*

John C. Theisen, #549-02
Nathaniel O. Hubley, #28609-64
810 South Calhoun Street, Suite 200
Fort Wayne, IN 46802
Telephone: (260) 422-4255
Facsimile: (260) 422-4245
*Attorneys for Plaintiff*